## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 0:20-cv-62243

SEAN EVAN MOOTI AND MONICA FONT,

       Plaintiffs,

vs.

LAKEVIEW LOAN SERVICING, LLC
AND LOANCARE LLC,

       Defendant.

_____/

### COMPLAINT

Plaintiffs, SEAN EVAN MOOTI and MONICA FONT ("Plaintiffs") by and through undersigned counsel, hereby file their Complaint against Defendants, LAKEVIEW LOAN SERVICING, LLC ("Defendant Lakeview") and LOANCARE LLC ("Defendant Loancare") (collectively referred to as the "Defendants"), and allege:

### INTRODUCTION

1.      This is an action brought by a consumer for Defendant Lakeview and Defendant Loancare's violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA"), and Florida Statutes §§559.55 – 559.785, known more commonly as the Florida Consumer Collection Practices Act (hereinafter the "FCCPA").

2.      The FDCPA and FCCPA prevents debt collectors from engaging in abusive, deceptive, and unfair collection practices.

3.      All conditions precedent to the filing of this action have been satisfied.

### JURISDICTION

4.      Jurisdiction of this Court arises under 28 U.S.C. §1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. §1331.

6. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiffs' state law FCCPA claim in that it is so related to the federal FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution

7. Venue in this District is proper because Plaintiffs reside in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §1391(b)(2).  Defendants were also engaging in debt collection and sending debt collection communications within this District.

## PARTIES

8. At all times material hereto, Defendant Lakeview was and is a Foreign Limited Liability Company, registered in the State of Florida with the Division of Corporations. Defendant's principal address is 4425 Ponce De Leon Boulevard, 5th Floor, Coral Gables, Florida 33146. Defendant's registered agent is Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

9. At all times material hereto, Defendant Loancare was and is a Foreign Limited Liability Company, registered in the State of Florida with the Division of Corporations. Defendant's principal address is 3637 Sentara Way, Virginia Beach, Virginia 23452. Defendant's registered agent is CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

10. At all times relevant to this Complaint the Defendants were and are a "person" as said term is defined under Florida Statute §1.01(3), and are subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(7).

11.     At all times relevant to this Complaint, Defendants regularly collect or attempt to collect debts for other parties and are a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(7).

12.     At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(6).

13.     At all times relevant to this Complaint, Defendants regularly use the mail and telephone in its business for the purpose of collecting consumer debts.

14.     At all times relevant to this Complaint, Defendants were acting as a debt collector with respect to the collection of Plaintiffs' alleged debt.

15.     Upon information and belief, the primary function of Defendants business is to collect payments due to others.

16.     Upon information and belief, Defendants were hired to collect the disputed debt.

17.     The debt that Defendants sought to collect from Plaintiffs is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

18.     At all times relevant to this Complaint, Plaintiffs were and are natural persons, and a "consumer" as that term is defined by 15 U.S.C. 1692a(3) and Florida Statutes §559.55(8) and/or persons with standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

## BACKGROUND AND GENERAL ALLEGATIONS

19.     On or about February 20, 2014, Plaintiffs entered into a promissory note agreement with FBC Mortgage, LLC, a Limited Liability Company (the "Note") for what they intended to be their primary residence, located at 1810 E. Oak Knoll Circle, Davie, Florida 33324 (the "Subject Property"). The Note was secured by a mortgage on the Subject Property (the "Mortgage") (the

"Note" and Mortgage" are collectively referred to as the "Loan").

20.     Neither Defendant Lakeview nor Defendant Loancare were the original lender of the Loan.

21.     On August 16, 2018, Defendant Lakeview initiated a residential foreclosure action (the "Foreclosure Action") against the Plaintiffs in Circuit Court of the Seventeenth Judicial Circuit in Broward County, Florida, alleging a default of payment due on July 1, 2016.[1]

22.     On November 1, 2018, the Plaintiffs were approved for an FHA Trial Payment Plan Agreement (the "Prior TPP") offered by Defendant Loancare which was accepted by the Plaintiffs on November 9, 2019. *See Exhibit "A".*

23.     Pursuant to the terms of the Prior TPP, the Plaintiffs were required to make three (3) consecutive trial payments of $2,928.53, beginning on December 1, 2018 and concluding on February 1, 2019.

24.     Plaintiffs complied, and in February 2019, a permanent modification (the "Prior Modification") was offered to the Plaintiffs by "Lakeview Loan Servicing, LLC by Loancare LLC, as Agent under Limited POA". *See Exhibit "B".*

25.     Plaintiffs executed the Prior Modification on February 20, 2019 and returned same to the Defendants on February 25, 2019.  *See Exhibit "C".*

26.     Pursuant to the terms of the Prior Modification, the Plaintiffs were required to make monthly mortgage payments beginning April 1, 2019.

27.     In late March 2019, the Plaintiffs attempted to log into Defendants' designated website for mortgage payments[2] to make their first payment under the Prior Modification, however their account was locked, preventing the Plaintiffs from making their payment online. A screenshot

---

[1] See *Lakeview Loan Servicing, LLC v. Sean Evan Moot and Monica Font, CACE18019651*
[2] See https://www.myloancare.com/pub/index.html#/Home

of the locked account taken on April 25, 2019 is attached as *Exhibit "D"*.

28.     Anxious to make a timely payment as required by the Prior Modification, Plaintiffs called Defendants' customer support intending to make a payment over the phone.  That attempt failed however, as the Plaintiffs were told that a passcode, had been place on their account restricting access via telephone. When Plaintiffs advised that they had *neither* requested a passcode nor created one, Defendants' customer service representative indicated that unless Plaintiffs knew and could provide the existing passcode, payment could not be processed telephonically.

29.     Unable to make their first payment under the Prior Modification, Plaintiffs' foreclosure counsel reached out to counsel for Defendants in the underlying foreclosure in an effort to resolve this issue. *See Exhibit "E"*.

30.     Receiving no substantive response, on April 8, 2019, Plaintiffs' foreclosure counsel inquired *again* about an update and further advised Defendants' foreclosure counsel that the Plaintiffs' credit reports now reflected missed mortgage payments due to being locked out of their account with the Defendants. *See Exhibit "E"*.

31.     After an additional two (2) weeks with no response, on April 24, 2019, Plaintiffs' foreclosure counsel sought *another* update from Defendants' foreclosure counsel.  This inquiry was *again* met with silence. *See Exhibit "E"*.

32.     On May 1, 2019, Plaintiffs' foreclosure counsel yet *again* reached out to Defendants' foreclosure counsel - this time inquiring if Defendants' foreclosure counsel would hold Plaintiffs' mortgage payments in escrow, so as to avoid a default in payment.  No substantive response was provided by Defendants' foreclosure counsel regarding these issues. *See Exhibit "E"*.

33.     Despite the above, on or about April 22, 2019, Defendant Loancare issued a communication to Plaintiffs' foreclosure counsel, which was received on or about May 13, 2019,

advising that the Plaintiffs do not qualify for "foreclosure alternatives" and requested a payment of $82,612.57 to bring the account current.  *See Exhibit "F"*.

34.     With the Defendants refusal to honor the Prior Modification and allow the Plaintiffs to make their mortgage payments while simultaneously maintaining the Foreclosure Action against them, the Plaintiffs decided to try again for another modification, which was submitted to Defendant Loancare on October 25, 2019.  *See Exhibit "G"*.

35.     On December 12, 2019, Defendant Loancare offered another FHA Trial Payment Plan Agreement (the "New TPP"), which was accepted by the Plaintiffs on December 13, 2019. *See Exhibit "H"*.

36.     Pursuant to the terms of the New TPP, the Plaintiffs were required to make three (3) consecutive trial payments of $2,854.04, beginning on January 1, 2020 and concluding on March 1, 2020.

37.     Again, Plaintiffs complied, and on or about March 10, 2020, a permanent modification (the "New Modification") was offered to the Plaintiffs by "Lakeview Loan Servicing, LLC by Loancare LLC, as Agent under Limited POA". *See Exhibit "I"*.

38.     On March 24, 2020 Plaintiffs accepted the New Modification and a fully executed copy of the New Modification was recorded in the Public Records of Broward County on April 16, 2020. *See Exhibit "I"*.

39.     Pursuant to the terms of the New Modification, the Plaintiffs were required to make monthly mortgage payments of principal and interest in the amount of $1,649.20, starting on May 1, 2020.

40.     On May 6, 2020, Defendants unexpectedly issued an Annual Escrow Account Disclosure Statement (the "Escrow Statement") wherein – despite the terms agreed to in the New Modification, the monthly payments increased by almost $800.00 to $2,438.56. *See Exhibit "J"*.

41.     Moreover, pursuant to the Escrow Statement, effective July 1, 2020, the new mortgage payment would consist of $1,296.93 for principal and interest, $1,274.35 for escrow, and $139.73 for prorated shortage, totaling $2,710.01, more than $1,000.00 above the agreed upon payment pursuant to the New Modification.  *See Exhibit "J".*

42.     The payment terms under the New Modification conflict with the payment terms provided in Defendants' Escrow Statement.

43.     The Defendants further compounded this confusion when they issued the May Mortgage Statement (the "May Mortgage Statement") on May 18, 2020, **wherein $107,524.64 was demanded as the total amount due**, consisting of $2,471.24 in principal, interest and escrow, $98.85 in new fees and charges, $108,270.03 in past due amount, and $(3,315.48) in an unapplied balance.  *See Exhibit "K".*

44.     Additionally, the May Mortgage Statement continued to reflect the incorrect loan information as modified by the New Modification.  By way of example, the New Modification changed the principal balance to $350,716.04, a fixed interest rate of 3.875% and a maturity date of April 1, 2050 whereas the May Mortgage Statement reflected an outstanding principal balance of $260,319.48, an interest rate of 4.250%, and a maturity date of April 1, 2046.  *See Exhibit "I" and Exhibit "K".*

45.     In an abundance of caution, the Plaintiffs **timely** overpaid their May mortgage payment on or about April 27, 2020 in the amount of $2,900.00, which the Defendants placed into a suspense/other account.  *See Exhibit "K".*

46.     Defendants' incorrect statements continued the following month, when on June 16, 2020 the Defendants sent the June Mortgage Statement (the "June Mortgage Statement"), wherein **$107,433.50 was demanded as the total amount due**, consisting of $2,710.01 in principal, interest and escrow, $98.85 in new fees and charges, $110,840.12 in past due amount, and

$(6,215.48) in an unapplied balance. *See Exhibit "L".*

47.     The June Mortgage Statement *again* contained incorrect loan information, reflecting an outstanding principal balance of $260,319.48, an interest rate of 4.250%, and a maturity date of April 1, 2046 compared to the actual values within the New Modification. *See Exhibit "I" and "L".*

48.     Plaintiffs again, in an abundance of caution, **timely** overpaid their June mortgage payment on or about May 22, 2020 in the amount of $2,900.00, which the Defendants again placed into a suspense/other account. *See Exhibit "L".*

49.     On July 16, 2020, the Defendants issued the July Mortgage Statement (the "July Mortgage Statement"), wherein **$4,001.75 was demanded as the total amount due**, consisting of $2,922.55 in principal, interest and escrow, $(296.55) in new fees and charges, and $1,375.75 in past due amount. *See Exhibit "M".*

50.     The amounts presented in the July Mortgage Statement *again* conflict with the amounts presented in the Escrow Statement and the New Modification, further confusing the Plaintiffs as to how much they should pay and whether their payments were being properly applied in the first place. By way of example, the New Modification calls for **$1,649.20 in principal and interest**. Whereas effective July 1, 2020, the Escrow Statement advised that the new mortgage payment would consist of **$1,296.93 for principal and interest**, and $**1,274.35 for escrow**, **totaling $2,710.01**, while the July Mortgage Statement states **$1,649.20 for principal and interest** and **$1,273.35 for escrow**, **totaling $2,922.55**   *See Exhibit "I", Exhibit "J" and Exhibit "M", respectively.*

51.     Moreover, the July Mortgage Statement includes a demand for $1,375.75 as a past due amount, despite Plaintiffs **timely** making each and every payment due under the New Modification. *See Exhibit "M".*

8

52.     Once again, in an abundance of caution, the Plaintiffs **timely** overpaid their July mortgage payment on or about June 22, 2020 in the amount of $2,900.00, which the Defendants again placed into a suspense/other account and then inexplicably reversed on June 30, 2020.  *See Exhibit "M".*

53.     On June 24, 2020, after the Plaintiffs made their July mortgage payment, the Defendants' designated website for payments *yet again* locked access to their account, preventing any future payments via the portal.  Furthermore, the website continues to reflect incorrect loan information, such as the principal balance of $260,319.48.  *See Exhibit "N".*

54.     The May Mortgage Statement, June Mortgage Statement, and July Mortgage Statement all demand payment from the Plaintiffs for an alleged debt and thus each constitutes an attempt to collect a debt - despite the Defendants having knowledge that the amounts they demanded were incorrect.

55.     The Plaintiffs have been forced to retain the services of the undersigned counsel. Plaintiffs seek reimbursement of attorneys' fees and costs expended in the prosecution of this lawsuit.

### COUNT I - VIOLATION OF FDCPA: 15 USC 1692e(2)(A)

56.     Plaintiffs repeats, realleges and incorporates by reference paragraphs 1 through 55.

57.     15 U.S.C. §1692e states, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>     (2) The false representation of—
>     (A) the character, amount, or legal status of any debt;
>
> *U.S.C. § 1692e*

58.     The Defendants transmittal of the May Mortgage Statement, June Mortgage

Statement, and July Mortgage Statement all demand excessive payments from the Plaintiffs that contradict the agreed upon amounts provided by the New Modification.

59.     In particular, the May Mortgage Statements demands **$2,471.24** of principal, interest, and escrow for the month of May and **$108,270.03** in past due amounts, for a total amount due of **$107,524.64.** The June Mortgage Statement demands **$2,710.01** of principal, interest and escrow for the month of June, and **$110,840.12** in past due amounts, for a total of **$107,433.50**. Whereas the July Mortgage Statement demands **$2,922.55** in principal, interest, and escrow for the month of July, and **$1,375.75** in past due amounts, for a total of **$4,001.75**.

60.     Whereas the New Modification requires only **$1,649.20** in principal and interest, while the Escrow Statement states that **$2,438.56** would be due for principal, interest, and escrow for the month of May and **$2,710.01** in principal, interest, and escrow for the month of July**.**

61.     As a result, the Defendants have provided the Plaintiffs with a false representation of the character, amount and legal status of the debt they claim is owed.

62.     Defendants, through their agents, representatives, and/or employees acting within the scope of their authority knowingly violated 15 U.S.C. §1692e(2)(A).

63.     As a direct and proximate result of the violation of the FDCPA by the Defendants, the Plaintiffs have been damaged. Plaintiffs damages include, but are not necessarily limited to, unlawful charges to Plaintiff's account, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

64.     The Plaintiffs have hired the law firm of Loan Lawyers, LLC and Jenkins Lorenzo, LLC to represent them in this action and have agreed to pay a reasonable attorney's fee.

65.     As a result of the above violations of the FDCPA and pursuant to 15 U.S.C. §1692(k), the Plaintiffs are entitled to recovery for actual damages, statutory damages of up to $1,000.00 per violation, together with reasonable attorney's fees and court costs.

## COUNT II - VIOLATION OF FDCPA: 15 USC 1692e(10)

66.     Plaintiffs repeats, realleges and incorporates by reference paragraphs 1 through 55.

67.     15 U.S.C. §1692e states, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> > (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

*U.S.C. § 1692e*

68.     The Defendants transmittal of the May Mortgage Statement, June Mortgage Statement, and July Mortgage Statement all demand excessive payments from the Plaintiffs that contradict the agreed upon amounts provided by the New Modification.

69.     In particular, the May Mortgage Statements demands **$2,471.24** of principal, interest, and escrow for the month of May and **$108,270.03** in past due amounts, for a total amount due of **$107,524.64.**  The June Mortgage Statement demands **$2,710.01** of principal, interest, and escrow for the month of June, and **$110,840.12** in past due amounts, for a total of **$107,433.50**. Whereas the July Mortgage Statement demands **$2,922.55** in principal, interest, and escrow for the month of July, and **$1,375.75** in past due amounts, for a total of **$4,001.75**.

70.     Whereas the New Modification requires only **$1,649.20** in principal and interest, while the Escrow Statement states that **$2,438.56** would be due for principal, interest, and escrow for the month of May and **$2,710.01** in principal, interest, and escrow for the month of July**.**

71.     As a result, the Defendants have relied upon false representations and deceptive means to collect or attempt to collect the debt they claim is owed, when they know that such debts are not supported by the New Modification.

11

72.     Defendants, through their agents, representatives, and/or employees acting within the scope of their authority knowingly violated 15 U.S.C. §1692e(10).

73.     As a direct and proximate result of the violation of the FDCPA by the Defendants, the Plaintiffs have been damaged. Plaintiffs damages include, but are not necessarily limited to, unlawful charges to Plaintiff's account, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

74.     The Plaintiffs have hired the law firm of Loan Lawyers, LLC and Jenkins Lorenzo, LLC to represent them in this action and have agreed to pay a reasonable attorney's fee.

75.     As a result of the above violations of the FDCPA and pursuant to 15 U.S.C. §1692(k), the Plaintiffs are entitled to recovery for actual damages, statutory damages of up to $1,000.00 per violation, together with reasonable attorney's fees and court costs.

## COUNT III - VIOLATION OF FDCPA: 15 USC 1692f(1)

76.     Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 55.

77.     15 U.S.C. §1692f states, in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limited the general application of the foregoing, the following conduct is a violation of this section:
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

*U.S.C. § 1692f(1)*

78.     The Defendants transmittal of the May Mortgage Statement, June Mortgage Statement, and July Mortgage Statement all demand excessive payments from the Plaintiffs that contradict the agreed upon amounts provided by the New Modification.

79.     In particular, the May Mortgage Statements demands **$2,471.24** of principal,

interest, and escrow for the month of May and **$108,270.03** in past due amounts, for a total amount due of **$107,524.64.**  The June Mortgage Statement demands **$2,710.01** of principal, interest, and escrow for the month of June, and **$110,840.12** in past due amounts, for a total of **$107,433.50**. Whereas the July Mortgage Statement demands **$2,922.55** in principal, interest, and escrow for the month of July, and **$1,375.75** in past due amounts, for a total of **$4,001.75**.

80.     Whereas the New Modification requires only **$1,649.20** in principal and interest, while the Escrow Statement states that **$2,438.56** would be due for principal, interest, and escrow for the month of May and **$2,710.01** in principal, interest, and escrow for the month of July**.**

81.     As a result, the Defendants have relied upon unfair or unconscionable means to collect or attempt to collect the debt they claim is owed which is not expressly authorized by the New Modification or otherwise permitted by law.

82.     Defendants, through their agents, representatives, and/or employees acting within the scope of their authority knowingly violated 15 U.S.C. §1692f(1).

83.     As a direct and proximate result of the violation of the FDCPA by the Defendants, the Plaintiffs have been damaged. Plaintiffs damages include, but are not necessarily limited to, unlawful charges to Plaintiff's account, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

84.     The Plaintiffs have hired the law firm of Loan Lawyers, LLC and Jenkins Lorenzo, LLC to represent them in this action and have agreed to pay a reasonable attorney's fee.

85.     As a result of the above violations of the FDCPA and pursuant to 15 U.S.C. §1692(k), the Plaintiffs are entitled to recovery for actual damages, statutory damages of up to $1,000.00 per violation, together with reasonable attorney's fees and court costs.

## COUNT IV - VIOLATION OF FCCPA: FLORIDA STATUTES §559.72(9)

86.     Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 55.

87.     Florida Statutes § 559.72(9) states:

In collecting debts, no person shall…
(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

*Florida Statutes § 559.72(9)*

88.     The Defendants transmittal of the May Mortgage Statement, June Mortgage Statement, and July Mortgage Statement all demand excessive payments from the Plaintiffs that contradict the agreed upon amounts provided by the New Modification.

89.     In particular, the May Mortgage Statements demands **$2,471.24** of principal, interest, and escrow for the month of May and **$108,270.03** in past due amounts, for a total amount due of **$107,524.64.**  The June Mortgage Statement demands **$2,710.01** of principal, interest, and escrow for the month of June, and **$110,840.12** in past due amounts, for a total of **$107,433.50**. Whereas the July Mortgage Statement demands **$2,922.55** in principal, interest, and escrow for the month of July, and **$1,375.75** in past due amounts, for a total of **$4,001.75**.

90.     Whereas the New Modification requires only **$1,649.20** in principal and interest, while the Escrow Statement states that **$2,438.56** would be due for principal, interest, and escrow for the month of May and **$2,710.01** in principal, interest, and escrow for the month of July**.**

91.     The debts that Defendants have attempted to collect are unlawful and improper because the amounts are either a false representation of the actual debt and/or in the alternative, not attributable to any permissible charge or otherwise authorized by the New Modification.

92.     As a result, the Defendants have claimed, attempted, or threatened to enforce a debt when they knew that such debt is not legitimate.

93.     Defendants, through their agents, representatives, and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

94.     As a direct and proximate result of the violation of the FCCPA by the Defendants, the Plaintiffs have been damaged. Plaintiffs damages include, but are not necessarily limited to, unlawful charges to Plaintiff's account, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

95.     The Plaintiffs have hired the law firm of Loan Lawyers, LLC and Jenkins Lorenzo, LLC to represent them in this action and have agreed to pay a reasonable attorney's fee.

96.     As a result of the above violations of the FCCPA and pursuant to Florida Statutes §559.77(2), the Plaintiffs are entitled to recovery for actual and punitive damages, statutory damages of up to $1,000.00 per violation, together with reasonable attorney's fees and court costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs SEAN EVAN MOOTI and MONICA FONT respectfully request this Honorable Court enter an order granting judgment for the following:

(a) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k, Florida Statutes §559.77(2); and

(b) Such other relief as this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs SEAN EVEN MOOTI and MONICA FONT hereby demand a trial by jury of all issues so triable.

Dated this 3rd day of November 2020.

Respectfully Submitted,

                                **JENKINS LORENZO, LLC**
*Co-Counsel for Plaintiffs*
18851 NE 29th Avenue, Ste. 700
Aventura, Florida 33180
Tel: (305) 456-1450

By: */s/ Chase E. Jenkins, Esq.*
    Chase E. Jenkins, Esq.
    Florida Bar No. 94261
    cjenkins@jenkinslorenzo.com
    Jorge "J.D." Lorenzo, Esq.
    Florida Bar No. 81702
    jlorenzo@jenkinslorenzo.com

    */s/ Matthew David Bavaro*
    Matthew David Bavaro, Esq.
    Florida Bar No. 175821
    LOAN LAWYERS, LLC
    *Co-Counsel for Plaintiffs*
    3201 Griffin Road, Suite 100
    Fort Lauderdale, FL 33312
    Telephone: (954) 523-4357
    matthew@fight13.com